**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN MIGUEL ESPINOZA-ROMERO,
a/k/a Macizo,

    Defendant - Appellant.

No. 18-1033
(D.C. No. 1:14-CR-00144-CMA-8)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **EID**, Circuit Judges.
_____

    Juan Miguel Espinoza-Romero pleaded guilty to (1) conspiring to distribute and possess with intent to distribute more than one kilogram of a mixture and substance containing a detectable amount of heroin, and more than 500 grams of a mixture and substance containing a detectable amount of cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(ii)(II), and 18 U.S.C. § 2; and (2) conspiring to commit money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i)-(ii) and 2.  He entered into a

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which he agreed with the government to accept a prison sentence of between 120 months and 168 months.

In the agreement, Mr. Espinoza-Romero waived his right to appeal any matter in connection with his prosecution, conviction, or sentence unless the sentence exceeded the statutory maximum; his sentence was greater than fourteen years (168 months); the district court determined that his total offense level was greater than 34 and imposed a sentence above the sentencing guideline range calculated for that total offense level; or the government appealed the sentence. The district court sentenced him to 144 months in prison on each count, to run concurrently. Notwithstanding the appeal waiver, Mr. Espinoza-Romero filed a notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Espinoza-Romero's counsel filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Counsel states that he has conscientiously examined the case and finds the appeal, including the potential issues he has identified and any opposition to the motion to enforce, to be wholly frivolous. We gave Mr. Espinoza-Romero an opportunity to file a pro se response to the motion to enforce. *See id.* at 744. To date, he has not done so.

Nonetheless, under *Anders*, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and

motion to enforce. *See id.* After doing so, we conclude that the requirements for enforcing the appeal waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Espinoza-Romero "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

We grant the government's motion to enforce the plea agreement, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court
Per Curiam